IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARI BOYER, MARC KATZEN and MARSHALL KATZEN, | : : : |
| Plaintiffs | : |
| v. | : CIVIL ACTION NO. 3:19-cv-152 : : |
| CLEARFIELD COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY, FRANK A. VILLELLA, C WAREHOUSE, LLC, JOSEPH A. VARACALLO, DEVELOPAC, INC. t/d/b/a DEVLOPAC REALTY & COLDWELL BANKER DEVELOPAC REALTY, and M&T BANK | : : : : : : : : : |
| Defendants | : |

**DEFENDANTS MANUFACTURERS AND TRADERS TRUST COMPANY'S ANSWER WITH AFFIRMATIVE DEFENSES TO DEFENDANT FRANCIS VILLELLA'S ANSWER TO THE THIRD AMENDED COMPLAINT WITH CROSS CLAIM**

Defendant Manufacturers and Traders Trust Company ("M&T" or the "Bank"), by and through its undersigned counsel, files this Answer with Affirmative Defenses to Defendant Francis Villella's ("Villella") Answer to the Third Amended Complaint with Cross Claim (Doc. 135) and in support thereof aver as follows:

**ANSWER**

1. Admitted in part and denied in part. It is admitted that Villella deposited $50,000 into a Reserve Fund as directed by the Mortgage Loan Agreement. This paragraph also refers to a written document which speaks for itself. Any characterizations inconsistent with the document are denied.

2.         Admitted in part and denied in part.  This paragraph asserts a conclusion of law to which no responsive is required.  To the extent a response is required, it is admitted that M&T held the $50,000 in the Reserve Fund as directed by the Mortgage Loan Agreement.  It is specifically denied that M&T has acted as an agent for the Bondholders or any other party in this action.

3.         Denied.  This paragraph refers to a written document which speaks for itself.  Any characterizations inconsistent with the document are denied.

4.         Admitted in part and denied in part.  After a reasonable investigation, M&T is unaware of the veracity of the averments in this paragraph regarding the sufficiency of the Reserve Fund to cover expenses delineated in the Mortgage Loan Agreement and, therefore, denies the same.  It is admitted that $50,000 remains in the Reserve Fund.  To the extent that this paragraph is construed to mean that M&T must release the monies in the Reserve Fund, the remaining averments in this paragraph are denied.

5.         Admitted in part and denied in part.  It is admitted that the Bonds have matured, and that M&T paid $300,000 to the Bondholders.  To the extent that this paragraph is construed to mean that M&T must also pay the $50,000 in the Reserve Fund to Villella, the remaining averments in this paragraph are denied.

6.         Denied.  This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the averments in this paragraph are denied. It is specifically denied that M&T has "wrongly withheld" any monies or has acted wrongfully in any way.  To the contrary, M&T has fully performed its duties under the Mortgage Loan Agreement.  Additionally, the Court's order dated November 27, 2019 [ECF No. 37] requires that M&T

maintain the status quo in this matter and restricts any release of collateral to the Bonds, including the Reserve Fund.

WHEREFORE, Manufacturers and Traders Trust Company respectfully requests that the Court enter judgment in its favor and against Francis Villella.

### AFFIRMATIVE DEFENSES

7. M&T incorporates by reference paragraphs 1 through 6, above, as if fully set forth herein, as well as is Answer with Affirmative Defenses to the Second Amended Complaint.

8. Villella's cross claim fails, in whole or in part, to state a claim against M&T.

9. M&T has performed all its duties and obligations as outlined in the Mortgage Loan Agreement.

10. Villella is not entitled to the remaining $50,000 in the Reserve Fund.

11. If M&T owes any amount to Villella, that amount must be offset against the amounts owed by Villella to M&T under the Mortgage Loan Agreement, including M&T's attorneys' fees, as set forth in M&T's crossclaim against Villella. *See* Doc. 111, M&T's Answer to Second Amended Complaint with Affirmative Defenses and Crossclaim ("Crossclaim").

12. On or about October 15, 2019, after this litigation commenced and before the Bonds matured, Villella contacted M&T demanding that it release the $50,000 in the Reserve Fund.

13. Section 4.1 of the Mortgage Loan Agreement states:

> To the extent that sufficient cash flow from the Project's gross revenues is not available from the operation of the Project, said Reserve Fund shall be used *exclusively* for the payment of proper expenses of the Investor Developer in connection with the operation of the Project, including but not limited to the payment of real estate taxes, principal and interest due on the outstanding First Mortgage Revenue Bonds, legal, accounting, Paying Agent's fees, Authority's

fees, management fees paid to other than the Investor Developer, insurance and repairs.

*See* Exhibit A to M&T's Crossclaim at 9.

14. In response to Villella's demand that M&T release the $50,000 in the Reserve Fund, M&T requested additional information from Villella to verify that Villella was requesting the monies from the Reserve Fund for a proper expense, as required by the Mortgage Loan Agreement.

15. M&T also requested that Villella provide information on the cash flow of the Project, to verify whether the cash flow of the Project was insufficient to cover any expenses for which Villella intended to use the Reserve Fund monies.

16. Villella did not provide any of the requested information, but rather, claimed that no expenses, as noted in Section 4.1 of the Mortgage Loan Agreement, existed.

17. Villella, again, demanded release of the $50,000.

18. On November 27, 2019, before the Bonds matured, all parties to this action, including Villella, agreed to a joint stipulation which maintains the status quo of the parties to this action and restricts the release of collateral that secures the Bonds.  *See* Doc. 37.

19. The monies in the Reserve Fund constitute collateral for the Bonds, and, accordingly, cannot be released without satisfying the conditions of the joint stipulation and the Mortgage Loan Agreement.

20. The $50,000 must be used to satisfy any outstanding interest owed to the Bondholders.

21. The $50,000 must be used to satisfy M&T's fees as paying agent, as well as attorneys' fees incurred by M&T in this action.

WHEREFORE, Manufacturers and Traders Trust Company requests that the Court enter judgment in its favor in an amount in excess of $80,000, with such amount continuing to accrue as this matter progresses, and against Defendant Francis Villella.

                                                MCNEES WALLACE & NURICK LLC

By *[signature]*

                                                Dana W. Chilson, I.D. No. 208718
                                                Casey E. Hunt, I.D. No. 327485
                                                100 Pine Street, P.O. Box 1166
                                                Harrisburg, PA  17108-1166
                                                (717) 232-8000
                                                dchilson@mcneeslaw.com
                                                chunt@mcneeslaw.com

Dated: March 11, 2022                 *Attorney for Defendant Manufacturers and Traders Trust Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARI BOYER, MARC KATZEN and MARSHALL KATZEN, | : <br> : <br> : |
| Plaintiffs | : <br> : CIVIL ACTION NO. 3:19-cv-00152-SLH |
| v. | : <br> : |
| CLEARFIELD COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY, FRANK A. VILLELLA, C WAREHOUSE, LLC, JOSEPH A. VARACALLO, DEVELOPAC, INC. t/d/b/a DEVELOPAC REALTY & COLDWELL BANKER DEVELOPAC REALTY, M&T BANK & WILMINGTON TRUST, N.A., | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants | : JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document on parties of record through the Court's ECF filing system.

    Rory O. Connaughton, Esquire
    Brubaker Connaughton Goss & Lucarelli LLC
    480 New Holland Avenue, Suite 6205
    Lancaster, PA 17602
    roryc@bcgl-law.com
        Attorneys for Plaintiffs, Bari Boyer, Marc Katzen and Marshall Katzen

    David J. Hopkins, Esquire
    Hopkins Heltzel LLP
    100 Meadow Lane, Suite 5
    Dubois, PA 15801
    david@hopkinsheltzel.com
        Attorneys for Clearfield County Industrial Development Authority

David B. Consiglio, Esquire
Campbell, Miller, Williams, Benson & Consiglio, Inc.
720 S. Atherton Street, Suite 201
State College, PA 16801-4669
dconsiglio@mkclaw.com
    Attorneys for Defendant, Frank A. Villella

Michael J. Parrish, Jr., Esquire
Toby D. McIlwain, Esquire
Spence, Custer, Saylor, Wolfe & Rose
1067 Menoher Boulevard
Johnstown, PA 15905
mparrish@spencecuster.com
tmcilwain@spencecuster.com
    Attorneys for Defendants, C Warehouse, LLC, Joseph A. Varacallo and Developac, Inc.

Kevin D. Persio, Esquire
Smorto, Persio, Webb & McGill
129 South Center Street
Ebensburg, PA 15931
kdpesq@hotmail.com

    MCNEES WALLACE & NURICK LLC

By _____
    Dana W. Chilson, I.D. No. 208718
    100 Pine Street, P.O. Box 1166
    Harrisburg, PA  17108-1166
    (717) 232-8000
    dchilson@mcneeslaw.com

Dated: March 11, 2022      *Attorneys for Defendant Manufacturers and Traders Trust Company*